UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
CHARLES LANGONE, as FUND MANAGER )
of the NEW ENGLAND TEAMSTERS AND )
TRUCKING INDUSTRY PENSION FUND )
)
       Plaintiff, )
) C.A. No. 04cv11706 NG
v. )
)
CLASSIC COACH, INC. )
)
       Defendant, )
_____)

**PLAINTIFF'S INTERROGATORIES AND**
**REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to the Federal Rules of Civil Procedure 30, 34, Plaintiff, Charles Langone, Fund Manager, hereby submits the following interrogatories and document requests to Defendant Classic Coach, Inc.., said documents to be produced for inspection and copying at the office of Plaintiff's counsel, Feinberg, Campbell & Zack, P.C., on or before the expiration of the thirtieth (30th) day from the date of this request.

**I. Definitions and Instructions**

As used in Section II below, all terms are to be accorded their definitions as provided in Local Rule 26.5(c).

1.     The term "Defendant" as used herein refers to Classic Coach, Inc.

2.     The term "Plaintiff" as used herein refers to New England Teamsters and Trucking Industry Pension Fund, their trustees, Fund Manager and agents, servants, employees, and attorneys.

3.     *Document.* The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4. *Identify.* When referring to a person or entity, "to identify" means to give, to the extent known, the person's or entity's full name, present or last known address, and when referring to a natural person, the present or last known place of employment. Once a person or entity has been identified in accordance with this subparagraph, only the name of that person or entity need be listed in response to subsequent discovery requesting the identification of that person or entity.

5. *Identify* (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the

   (a) type of document;
   (b) general subject matter;
   (c) date of the document; and
   (d) author(s), addressee(s), and recipient(s).

6. *Parties.* The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

7. *Person.* The term person is defined as any natural person or any business, legal, or governmental entity or association.

8. All documents produced shall be segregated and identified according to the numbered document request which they are primarily responsive.

9. As to each document requested which is withheld by Defendant under a claim of privilege or other rule protecting against disclosure, Defendant are directed to identify the document as follows:

   a) State the paragraph number (and subparagraph number where applicable) of the request wherein the document is described;

   b) Set forth the date of the document;

   c) State the name, address (if known), and title or position of each addressor, addressee, recipient and drafter of the document;

   d) Describe the type of document (e.g., memo, letter);

   e) Describe the general subject matter of the document;

   f) State the name and address of each present custodian of the document;

      g)      State the specific basis for your claim that the document is privileged or otherwise protected against disclosure.

10. As to each document requested which has been destroyed or lost, Defendant are directed to identify and describe same and to state the following:

      a)      The date the document was prepared and the date upon which it was destroyed or lost;

      b)      The location of all copies of the document;

      c)      The names, employment positions and addresses of the authors and/or preparers of the document;

      d)      The name of the authorized custodian or the other person having responsibility for the loss of the document;

      e)      If the document was destroyed, the reason for its destruction and the paragraph number of the request to which production of the document would have been responsive.

## II.    INTERROGATORIES AND DOCUMENT REQUESTS

1. State the full name, home address, position or title, duties and length of association or affiliation with Defendant of the person signing interrogatory answers.

2. Identify all officers, directors, managing officers and/or managers and owners of Defendant from the period 2000 to the present and describe their duties and tenure.

3. State all names under which Defendant have operated or are operating. For any company listed, identify the company name, owners, address and current operational status.

4. State Defendants' principal place of business and any and all other addresses from which Defendant is operating.

6. Is Classic Coach, Inc. presently operating? If not, state the date upon which operations ceased.

7. Produce all documents relating to the foregoing interrogatory.

8. Identify each and every owner of Defendant Classic Coach Inc. and the percentage of ownership interest of each such owner.

9. Produce all documents relating to the foregoing interrogatory.

3

10. Identify the name and address of any partnership, corporation or real estate trust in which Defendant's owners have held an ownership interest since 2000, stating as to each,

   a) nature of ownership;

   b) description of investment;

   c) value of investment;

   d) current status of the company, partnership or trust.

11. Produce all documents relating to the foregoing interrogatory.

12. If Defendant (or any other corporation, partnership, trust, or other entity in which the Defendant has a legal, equitable or ownership interest) owns or has any ownership interest in any real property, state the following as to each parcel of property:

   a) Name and address of property, including county;

   b) Date on which property was purchased, the purchase price, the amount of down payment, the amount of the mortgage, the name and address of the mortgagee;

   c) Present fair market value;

   d) Book and page number at Registry of Deeds or certificate of title number if registered land;

   e) The name and address of each person or business, other than Defendant with an ownership interest in the parcel, Defendant's basis (or adjusted basis if applicable) the parcel, what percentage of the property is owned by Defendant;

   f) The annual gross rentals from each such property, the annual property tax for each such property, the yearly depreciation claimed for each such property.

13. Produce all documents concerning the matters referred to in the foregoing interrogatory.

15. Produce federal and state tax returns with attachments and schedules for the years 2002 to the present.

16. Identify all savings accounts, checking accounts, money market accounts, certificates of deposit, and/or other bank accounts in which you have an interest, stating as to each:

   (a) name of bank or depository;

   (b) address of bank or depository;

    (c)    nature of account;

    (d)    present amount of account;

    (e)    loans against account, if any;

    (f)    present equity value of account; and

    (g)    nature of ownership or beneficial interest.

17.    Identify all motor vehicles owned and/or leased by you, stating as to each:

    (a)    make, model, and Vehicle Identification Number;

    (b)    book value;

    (c)    liens against;

    (d)    present equity;

    (e)    state and plate number of registration;

    (f)    principal place of garaging;

    (g)    nature of ownership or beneficial interest; and

    (h)    in whose name registered.

24.    Produce all financial statements of the defendant for the years 2000 to date.

26.    Describe the defendant's present financial condition, including its assets, liabilities and net worth.

27.    As to each asset owned by defendant, state

    (a)    type of asset;
    (b)    value of asset; and
    (c)    location of asset (if held by a bank institution, the address of the bank or institution, and provide the account number or other identifying information).

29.    Please state whether the defendant has transferred or otherwise sold any capitalized asset including but not limited to equipment, real property, buildings, software, transportation equipment or vehicles from the period of 2000 to the present. If yes,

    a.    Identify the asset sold or transferred;

    b.    Identify the person to whom such assets were transferred or sold;

    c.    State the amount paid to the purchaser of each asset;

    d.    State the date of transfer or sale.

30.  Produce all documents concerning the matters referred to in the foregoing interrogatory.

31.  Please identify all loans, gifts or other distributions including salaries paid by defendant to its officers, directors and shareholders and family members of the same including dates, amounts and repayment of such transactions from 2000 to the present.

32.  Produce all documents concerning the matters referred to in the foregoing interrogatory.

33.  Please identify all loans, gifts or other monies paid by defendant's officers, directors, share-holders and family members to the defendant from 2000 to the present.

34.  Produce all documents concerning matters referred to in the foregoing interrogatory.

Dated: October __, 2005

For the Plaintiff,
Charles Langone, Fund Manager of the
New England Teamsters and Trucking Pension Industry Fund,
By his Attorney,

Renee J. Bushey
BBO #629444
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109
(617) 338-1976

### Certificate of Service

I, Renee J. Bushey, attorney for the Plaintiff, hereby certify that on this day I mailed the within document by first class mail, postage prepaid, to John P. Gauvin, President, Classic Coach, Inc., P.O. Box 1005, Coventry RI 02816-6606.

Renee J. Bushey